IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOBBY BROWN, #1124005, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:05-CV-0367-K |
| | ) | |
| DOUGLAS DRETKE, Director, Texas | ) | |
| Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
| Respondent. | ) | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a petition for habeas corpus relief brought by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently confined at the Allred Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Iowa Park, Texas. Respondent is the Director of TDCJ-CID. No process has been issued in this case. However, on February 28, 2005, the magistrate judge ordered Petitioner to explain why this case is not barred by the one-year limitation period. Petitioner filed his response on March 21, 2005. The magistrate judge subsequently issued a questionnaire to Petitioner, who filed his answers on April 25, 2005.

Statement of Case: Petitioner pled guilty to theft in the 203rd District Court of Dallas

County, Texas, Cause No. F86-98445-UP. Punishment was assessed at six years imprisonment on June 19, 1987. (Petition (Pet.) at 2). Petitioner did not appeal. Seventeen years later, on September 27, 2004, Petitioner challenged the 1987 theft conviction in a state application for writ of habeas corpus, which was later denied by the Texas Court of Criminal Appeals. (Pet. at 3-4).

In the instant habeas action, Petitioner seeks to attack his 1987 theft conviction because it was used to enhance "his sentence that he received on August 9, 2002." (See Petitioner's Response at 1 filed on March 21, 2005, and Answer to Question 1 and 2). He challenges his 1987 conviction on the ground that his plea was involuntary and counsel rendered ineffective assistance. (Pet. at 7).[1]

Findings and Conclusions: The court must first examine whether it has jurisdiction in this case. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the

---

[1] In answer to the questionnaire, Petitioner identifies the two August 9, 2002 convictions, Nos. F98-67642-W and F99-00990-W, that were enhanced on the basis of the 1987 theft conviction at issue in this case. (Answer to Question 2). He explains that on August 9, 2002, he was convicted in the 363rd Judicial District Court of Dallas County of theft of property of $20,000 or more in three cases, Cause Nos. F98-67642-W, F98-02366-W, and F99-00990-W. (Answer to Question 1). Punishment was assessed at a total of 45 years confinement. (Id.). His convictions and sentences were affirmed on direct appeal on July 31, 2003. Thereafter, on August 26, 2004, Petitioner filed two applications for state habeas corpus relief pursuant to art. 11.07, Texas Code of Criminal Procedure, challenging his convictions in Nos. F98-67642-W and F99-00990-W. (Answer to Question 3). He concedes that those applications are presently pending before the Texas Court of Criminal Appeals. (Id.).

federal forum." Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001).

A federal court may consider a writ of habeas corpus only "on behalf of a person in custody . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petitioner satisfies the "in custody" requirement, when the challenged conviction has not fully expired at the time he/she files a petition under § 2254. See Carafas v. Lavallee, 391 U.S. 234, 238, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). A petitioner is not "in custody" for a particular conviction when he or she "suffers no present restraint" from the challenged conviction. Maleng v. Cook, 490 U.S. 488, 492, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Id.

In this instance, Petitioner is not in custody on his 1987 theft conviction. The six-year sentence for that conviction has fully expired. Having fully served his sentence for the 1987 theft conviction, Petitioner is no longer "in custody" such that he can challenge that conviction under § 2254. As a result he cannot bring a federal habeas action based solely on his 1987 theft conviction. See Maleng, 490 U.S. at 493.

In Maleng, 490 U.S. at 493-94, and Lackawanna County District Attorney v. Coss, 532 U.S. 394, 401-02, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001), the Supreme Court acknowledged that because a § 2254 petition could be construed as asserting a challenge on a current sentence, as enhanced by an allegedly invalid prior conviction, a petitioner could satisfy the "in custody" requirement for federal habeas jurisdiction despite the full expiration of his sentence. In Coss, however, the Supreme Court extended the holding in Daniels v. United States, 532 U.S. 374

3

(2001), which was decided in the context of a motion to vacate filed under 28 U.S.C. § 2255, "to cover § 2254 petitions directed at enhanced state sentences." Coss, 532 U.S. at 402. Daniels holds as follows:

> [i]f ... a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse ... [and] may not collaterally attack his prior conviction through a motion under § 2255.

Daniels, 532 U.S. at 382. When a prior conviction that has been used to enhance a state sentence is no longer open to direct or collateral attack, the prior conviction "may be regarded as conclusively valid." Coss, 532 U.S. at 403.

This general rule is not without exception. See id. at 404-05. When the enhancement conviction "was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment," as set forth in Gideon v. Wainwright, 372 U.S. 335 (1963), such conviction may be attacked whether or not that prior conviction remains open to direct or collateral attack. Coss, 532 U.S. at 404. This exception appears facially inapplicable in the instant case. Petitioner concedes he was represented by appointed counsel in his 1987 theft case. He argues, however, that he was "constructively denied" [his] right to the effective assistance of counsel "when counsel fail[ed] to subject the prosecution's case to meaningful adversarial testing." (See Handwritten attachment to federal petition at 2-3).

Despite the above allegations, the court declines to construe the federal habeas petition as a challenge on Petitioner's current sentences. First, Petitioner has not exhausted his state court remedies. The Texas Court of Criminal Appeals website reflects that as of the filing of this recommendation, Petitioner's art. 11.07 applications were still pending. See In re Bobby Ray

4

Brown, No. WR-1,499-07 (art. 11.07 application, challenging No. W99-00990-W, received March 24, 2005), www.cca.courts.state.tx.us/opinions/Case.asp?Filing ID-233863 (Official Website of the Texas Court of Criminal Appeal, docket sheet created on May 18, 2005); and WR-1,499-08 (art. 11.07 application, challenging No. W09-67642-W, received March 29, 2005), www.cca.courts.state.tx.us/opinions/Case.asp?Filing ID-233936 (Official Website of the Texas Court of Criminal Appeals, docket sheet created on May 18, 2005).  Second, the pendency of the above art. 11.07 applications suggests that Petitioner knows how to attack his current convictions.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court dismiss this petition for want of jurisdiction.

The clerk will mail a copy of this recommendation to Petitioner Bobby Ray Brown, #1124005, Allred Unit, 2101 FM 369 N., Iowa Park, Texas 76367.  See Notice of Address change filed April 25, 2005.

Signed this 18th day of May, 2005.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.